**Order entered October 3, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01166-CV

### JOHN GLAD, Appellant

### V.

### JAMES PATTERSON RAMSEUR AS GUARDIAN OF
### THE ESTATE OF JULIA DIXON RAMSEUR, Appellee

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-02022-1**

## ORDER

The Court has before it the following motions filed by appellant on September 25, 2013: "Motion for Dismissal and Sanction of the Attorney," "Motion to Deny Judgment and Motion to Consolidate to Judicial Review," and "Motion to Enter + Allow Principle Brief Exhibits." Also before the Court is appellee's September 30, 2013 response to these motions.

As we construe his "Motion for Dismissal and Sanction of the Attorney," appellant is not requesting the Court to dismiss this appeal. Instead, citing Rules 13 and 215-2b of the Texas Rules of Civil Procedure, appellant moves for the dismissal of (1) a June 2011 eviction proceeding in cause number JE11-02083A in Justice of the Peace Court, (2) the appeal of the eviction proceeding in County Court of Law No. 1, Dallas County under cause number CC-11-

04984-A, and (3) trial court cause number PR-11-02022-1, the lawsuit from which this appeal arises, as well as sanctions against appellee's attorneys for conduct in the above proceedings. We **DENY** appellant's "Motion for Dismissal and Sanction for Attorney" in its entirety.

As we construe appellant's "Motion to Deny Judgment and Motion to Consolidate to Judicial Review," he requests that we (1) consider the motion as his response to appellee's brief, (2) deny the judgment of probate court which is the subject of this appeal, and (3) order a consolidation of all cases filed against him by appellee in Dallas County. Separately in our opinion issued the same day as this order, we decide this appeal. Here, we **DENY** appellant's "Motion to Deny Judgment and Motion to Consolidate to Judicial Review" in its entirety including denying permission to file an additional brief out of time.

In his "Motion to Enter + Allow Principle Brief Exhibits," appellant requests that we allow the documents attached to the motion into the court record "for review in reference as an Attachment to the Appellant's BRIEF document." We **DENY** appellant's "Motion to Enter + Allow Principle Brief Exhibits" in its entirety including denying permission to file an additional brief out of time.

/David Evans/
DAVID EVANS
JUSTICE